**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

ERIC WINSTON                                                                          PLAINTIFF
ADC #105483

V.                                          NO: 5:08CV00204 JMM/HDY

FRED EVANS *et al.*                                                              DEFENDANTS

<u>**ORDER**</u>

Plaintiff filed this complaint on July 28, 2008, and service was ordered.  When Defendant

Veronica Tinsley failed to file respond in a timely manner after she was served with the summons

and complaint, a Clerk's entry of default was entered as to Tinsley (docket entry #40).  A hearing

to consider damages is scheduled for April 27, 2009 (docket entry #50).  However, on February 10,

2009, Tinsley filed a motion to set aside the default (docket entry #63).  Plaintiff has filed a response

in opposition (docket entry #65), and has also filed a motion for a settlement conference (docket

entry #66).

There is a strong judicial preference for an adjudication on the merits and any
doubts about setting aside an entry of default should be resolved in favor of setting
it aside.  *Oberstar v. F.D.I.C.*, 987 F.2d 494, 504 (8th Cir. 1993).  Rule 55(c) of the
Federal Rules of Civil Procedure allows the Court to set aside an entry of default
upon a showing of "good cause."  The same factors are typically considered in
deciding whether to set aside an entry of default under Rule 55(c) and in deciding
whether to set aside a default judgment under Rule 60(b).  *Johnson v. Dayton
Electric Manufacturing Co.*, 140 F.3d 781, 783-84 (8th Cir. 1998).  However, the
factors are less stringently applied with regard to setting aside an entry of default
under Rule 55(c) because it is likely that a party who promptly attacks an entry of
default, rather than waiting for the grant of a default judgment, was guilty of
oversight and wishes to defend the case on the merits.  *Id.*
In determining whether there is "good cause" to set aside a default judgment,
the Eighth Circuit considers:  "(1) whether the conduct of the defaulting party was
blameworthy or culpable; (2) whether the defaulting party had a meritorious defense;
and (3) whether the other party would be prejudiced if the default were excused."

1

*Forsythe v. Hales*, 255 F.3d 487, 490 (8th Cir. 2001) (quoting *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d at 784).

*Bell v. Perry County Sheriff's Dept.*, No. 1:06CV155 RWS,  2007 WL 1464378 (E.D. Mo. May 17, 2007) (unpublished).

Applying those factors to this case, the Court concludes that Tinsley has promptly moved to set aside the default, rather than waiting for a judgment to be entered, and that Plaintiff will not be prejudiced by the setting aside of the default.  Although Tinsley's defenses are unclear at this time, she has filed an answer denying Plaintiff's allegations (docket entry #58).  Under the more lenient standard for setting aside a default under Fed.R.Civ.P. 55, the Court concludes that Tinsley's motion should be granted.

Accordingly, for good cause shown, Tinsley's motion to set aside (docket entry #63) is GRANTED.  Plaintiff's motion for a settlement conference (docket entry #66) is DENIED.  The parties are free to explore settlement options, but there appears to be no reason to schedule a settlement conference at this time.

IT IS SO ORDERED this 23rd day of March, 2009.

_____
UNITED STATES DISTRICT JUDGE